# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MAURICE YOUNG, on his own behalf and on behalf of a class of those similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 1:17-cv-02818-TWP-MJD |
| CITY OF INDIANAPOLIS, ) ) | |
| Defendant. ) | |

## ENTRY ON PENDING MOTIONS

This matter is before the Court on Plaintiff Maurice Young's ("Young") Motion to Certify Class ([Filing No. 12](#)) and Motion to Dismiss without prejudice ([Filing No. 42](#)). For the following reasons, the Court **DENIES** the Motion to Certify Class and **GRANTS** the Motion to Dismiss.

## I. BACKGROUND

Young, a homeless man living in Indianapolis, Indiana, filed a Class Action Complaint on August 17, 2017, alleging that Defendant City of Indianapolis (the "City") violated the due process and equal protection clauses of the United States Constitution by banning homeless people from standing, stopping, sitting, or sleeping on city sidewalks ([Filing No. 1 at 23](#)). At the time he filed his Complaint, Young was represented by counsel ([Filing No. 1 at 24](#); [Filing No. 2](#); [Filing No. 3](#); [Filing No. 4](#)). Young also filed a Motion to Certify Class on September 7, 2017 and sought to represent a class of all current and future homeless people in the downtown Indianapolis area, similarly affected by the City's actions ([Filing No. 12](#)). The City answered Young's Complaint on October 9, 2017 ([Filing No. 22](#)).

On December 28, 2017, Young's counsel moved to withdraw their representation of Young and the proposed class ([Filing No. 31](#)), and the Magistrate Judge granted their motion to withdraw

on January 19, 2018 ([Filing No. 36](#)). Upon their withdraw, the Magistrate Judge also issued an Order to Show Cause regarding Young's Motion to Certify Class, in which he stated that Young could not act as a class representative as a *pro se* litigant, pursuant to Federal Rule of Civil Procedure 23, and required Young to show cause as why the Court should not deny his Motion to Certify Class ([Filing No. 38](#)).

Although he has not responded to the Magistrate Judge's Order to Show Cause regarding his Motion to Certify Class, Young filed a Motion to Dismiss this action without prejudice on February 13, 2017 ([Filing No. 42](#)).

## II. DISCUSSION

With respect to Young's Motion to Certify Class, Young cannot serve as a class representative as a *pro se* litigant. Under Federal Rule of Civil Procedure 23(a), parties seeking to represent a class can only serve as a class representative if they demonstrate, among other things, that they "will fairly and adequately protect the interests of the class." "In nearly all instances, a *pro se* [litigant] will not be an adequate class representative." *Kelly v. Witty*, No. 1:17-cv-00989-TWP-DML, 2017 WL 3191224, at *1 (S.D. Ind. July 27, 2017) (citing *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a *pro se* litigant is not an adequate class representative") (emphasis in original); *Goodvine v. Meisner*, 608 Fed. Appx. 415, 417 (7th Cir. 2015)); *see also*, *Nieman v. Nationwide Mut. Ins. Co.*, No. 09-3304, 2010 WL 11553691, at *4 (C.D. Ill. Apr. 9, 2010) ("A *pro se* plaintiff does not constitute an adequate class representative for Rule 23 purposes."). Specifically, a *pro se* plaintiff does not generally provide adequate class representation because he or she is "not a trained, licensed attorney, and does not have the requisite

skill or experience to represent a class of similarly situated individuals." *Nieman*, 2010 WL 11553691 at *4.

In this instance, where he is no longer represented by counsel, Young does not meet the requirements for serving as a class representative. Without proper legal training and licensures, Young cannot ensure that he could adequately protect the rights of the proposed class members, as required by Rule 23(a). The Court notes that rather than responding to the pending show cause order, Young has moved to dismiss his action. For all of these reasons, class certification is not appropriate and the Court **denies** the Motion to Certify Class.

Further, the Court concludes that this action should be dismissed without prejudice. Pursuant to Federal Rule of Civil Procedure 41(a)(1), a plaintiff may voluntarily dismiss an action without a court order if he or she files a notice of dismissal before the opposing party serves an answer or motion for summary judgment or files a stipulation of dismissal signed by all of the parties that have appeared. However, if neither filing occurs, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). In such an instance, the dismissal of the action "is without prejudice." *Id*.

Because the City answered Young's Complaint on October 9, 2017 and because the parties have not submitted a joint stipulation of dismissal, Young may only dismiss this action pursuant to a Court order. Fed. R. Civ. P. 41(a)(2). The Court concludes that dismissal of this action without any finding of liability is proper and **grants** Young's Motion to Dismiss without prejudice.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** Young's Motion to Certify Class ([Filing No. 12](#)) and **GRANTS** his Motion to Dismiss **without prejudice** ([Filing No. 42](#)). If Young were

to renew his claims against the City, he must do so as an individual. All pending deadlines and proceedings are terminated.

    **SO ORDERED.**

Date: 2/16/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

MAURICE YOUNG
none supplied
Homeless

Lauren Nicole Hodge
OFFICE OF CORPORATION COUNSEL
lauren.hodge@indy.gov

Nabeela Virjee
OFFICE OF CORPORATION COUNSEL
nabeela.virjee@indy.gov